IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DINO J. GRISANTI, ET. AL                                                PLAINTIFFS

VS.                                                              No. 3:05CV12-D-A

UNITED STATES OF AMERICA                                                 DEFENDANT

OPINION GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

Presently pending before the Court is the Defendant's motion for partial summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

In 1998, Plaintiff Dino Grisanti purchased Windham Ford Sales, Inc., also a Plaintiff in this case. Subsequent to his purchase, Grisanti was approached by an agent of the Internal Revenue Service ("IRS"). The IRS agent informed the Plaintiffs that Windom Ford Sales, Inc., previously failed to timely file quarterly withholding tax returns and failed to timely pay taxes on those returns. After discussions and negotiations with the IRS, Grisanti and Windham Ford Sales, Inc., agreed to enter into an installment plan to repay the approximately $11,966.93 in back taxes and civil penalties. Plaintiff Dino Grisanti entered into this agreement despite his uncertainty whether he was liable for those unpaid taxes.

Plaintiff Dino Grisanti or one of his companies abided by the terms of the agreement and made installment payments on time. Despite this, the IRS seized Plaintiffs Dino Grisanti and Caroline Grisanti's joint federal income tax refund for the calender year 2002. The Grisantis were due a $17,862 refund for 2002. The Grisantis attempted again in tax year 2003 to receive this refund, but were denied. The Grisantis represent that this was a breach of the installment

agreement between them, their businesses and the IRS.

On January 26, 2005, the Plaintiffs filed this action seeking damages of $29,828.93 plus costs and attorneys fees. The Plaintiffs seek these damages for denial of their refund of $17,862 and breach of the installment agreement for $11,966.93. The IRS gave the Grisantis their refund on February 14, 2005.

The Defendant now moves this Court to enter partial summary judgment against the Plaintiffs' claims. The Defendant states that because the Grisantis received their refund, that claim is now moot. In addition, the Defendant alleges that the Plaintiffs never submitted a request for a refund of the $11,966.93. The Defendant claims that the Plaintiffs failed to exhaust their administrative remedies. Furthermore, the Defendant alleges that because the claim is over $10,000, this Court does not have jurisdiction to hear it.

## B. *Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56 (C) mandates the entry

of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Discussion*

1. Plaintiff's Claim on the $17,862 Personal Income Tax Refund

United States District Courts are courts of limited jurisdiction. 13 C. Wright, A. Miller, &E. Cooper, Federal Practice and Procedure § 3522 (1984). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Among the limitations on federal courts is the requirement that there be a live case or controversy between the parties. C & H Nationwide Inc. v. Norwest Bank Texas NA, 208 F.3d 490, 493 (5th Cir. 2000); see Hope Medical Group for Women v. Edwards, 63 F.3d 418, 422 (5th Cir. 1995).

The "case or controversy" requirement of Article III of the United States Constitution prohibits federal courts from considering questions "that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 403, 30 L. Ed. 2d 413 (1971). Federal Courts are not in the business of issuing advisory opinions. See e.g. United States v. Texas Tech Univ., 171 F.3d 279, 286 (5th Cir. 1999). "The mootness doctrine requires that the controversy posed by the plaintiff's complaint must be 'live' not only at the time that plaintiff files the complaint but also throughout the litigation process." Rocky v. King, 900 F.2d 864, 866 (5th Cir. 1990). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened

with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998) (*quoting* Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed. 2d 400 (1990)).

At the outset of this litigation, the Grisantis claimed that the IRS had withheld their $17,862 2002 personal income tax refund. However, shortly after the complaint was filed, the IRS paid the amount in full. Thus, there remains no live case or controversy associated with that claim. Therefore, the Court finds that this issue is moot. However, the Court does maintain jurisdiction on the claim for attorney's fees related to the refund.

2. Plaintiff's Claim for Breach of Installment Agreement

The United States has sovereign immunity from any suit except when it chooses to waive that immunity. Wilkerson v. United States, 67 F.3d 112, 118 (5th Cir. 1995) (*citing* FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994); United States v. Sherwood, 312 U.S. 584, 586-87, 61 S. Ct. 767, 769-70, 85 L. Ed. 2d 1058 (1941)). The United States Congress determines the terms and conditions of the waiver of sovereign immunity and the federal courts may not exercise subject matter jurisdiction over a claim against the federal government except as Congress allows. United States v Orleans, 425 U.S. 807, 814, 96 S. Ct. 1971, 1976, 48 L. Ed. 2d 390 (1976); Ware v. United States, 626 F.2d 1278, 1286 (5th Cir. 1980). The waivers of sovereign immunity are to be strictly construed by the courts. Wilkerson, 67 F.3d at 118.

The Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a), vests concurrent jurisdiction in the federal district courts and the United States Court of Federal Claims over any "claim against the United States, not exceeding $10,000 in amount founded either upon the Constitution, or any act of Congress, or any regulation of an executive department, or upon any express or implied contract with

the United States." 28 U.S.C. § 1346(a)(2). All claims exceeding $10,000 shall be the exclusive jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491(a); Amoco Production Co. v. Hodel, 815 F.2d 352, 382 (5th Cir. 1987), *cert. denied*, 487 U.S. 1234, 108 S. Ct. 2898, 101 L. Ed. 2d 932 (1988). The Fifth Circuit has explicitly stated, "The law of this circuit is clear: the Court of Claims has exclusive jurisdiction of a Tucker Act claim in excess of $10,000." Ware, 626 F.2d at 1287.

In the case *sub judice*, the Plaintiffs are asking for $11,966.93 for breach of the installment agreement. This claim is for breach of an implied or express contract with the United States that is over $10,000. A taxpayer may bring an action in district court pursuant to 28 U.S.C. § 1346(a)(1) for any amount of money that has been wrongfully collected by the IRS. 28 U.S.C. § 1346(a)(1); United States v. Williams, 514 U.S. 527, 536, 115 S. Ct. 1611, 1618, 131 L. Ed. 2d 608 (1995). The Court finds that the $11, 966.93 is not an amount that was wrongly collected by the IRS. That is the amount of the settlement and installment agreement signed by Dino Grisanti and the IRS. The Plaintiffs sue to reclaim that amount because of a breach of that agreement. Thus, the Court finds that it does not have jurisdiction over that claim. The Plaintiff should have brought that claim pursuant to the Tucker Act in the Court of Federal Claims. Wilkerson, 67 F.3d at 119; Ware, 626 F.2d at 1287.

In their brief, the Plaintiffs attempt to claim that their suit should be construed under sections 7432 and 7433 of the Internal Revenue Code. Section 7432 allows a civil suit in a United States District Court for the failure of an IRS employee to release a lien on taxpayer property. 26 U.S.C. § 7432. However, a judgment of damages cannot be awarded unless the Court finds that the plaintiff exhausted all available administrative remedies. 26 U.S.C. § 7432(d)(1). Section 7433 allows for a taxpayer to bring a civil suit for damages if any employee of the IRS negligently, recklessly, or intentionally disregards any of the provisions of the Internal Revenue Code. 26 U.S.C. § 7433.

However, this section also provides that the Plaintiff must first exhaust all available administrative remedies. 26 U.S.C. § 7433 (d)(1).

In the case *sub judice*, the Court finds that the Plaintiffs' claims under sections 7432 and 7433 are based upon their personal income tax refund. The Court has already declared that claim to be moot. The Court notes that the Plaintiffs complaint was not explicitly clear about the Plaintiffs' claims. Thus, the Court finds that there is no evidence that the Plaintiffs ever officially submitted a written request for a refund of the $11,966.93. Therefore, the Court finds that the Plaintiffs failed to exhaust their administrative remedies and that their breach of contract claim under sections 7432 and 7433 is not ripe for review.

### D. Conclusion

In light of the foregoing discussion, the Court finds that Plaintiffs' claim for the personal income tax refund is moot because a live case or controversy fails to exist. The Court further finds that it does not have jurisdiction over Plaintiffs' breach of contract claim because jurisdiction belongs with the Court of Federal Claims and/or the Plaintiffs' claim is not ripe for review. The Court dismisses the personal income tax refund claim with prejudice and the breach of contract claim without prejudice. The Court retains jurisdiction on Plaintiffs' claim for attorneys fees and costs related to the personal income tax refund claim.

A separate order in accordance with this opinion shall issue this day.

This 3rd day of May 2006.

/s/ Glen H. Davidson
Chief Judge