IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DINO J. GRISANTI, ET. AL                                                                PLAINTIFFS

VS.                                                                                  No. 3:05CV12-D-A

UNITED STATES OF AMERICA                                                         DEFENDANT

OPINION GRANTING IN PART AND DENYING IN PART
MOTION FOR ATTORNEYS' FEES AND COSTS

Presently pending before the Court is the Plaintiffs' motion for attorneys' fees and costs. Upon due consideration, the Court finds that the motion shall be granted, but not in the amount sought by the Plaintiffs.

*A. Factual Background*

In 1998, Plaintiff Dino Grisanti purchased Windham Ford Sales, Inc., also a Plaintiff in this case. Subsequent to his purchase, Grisanti was approached by an agent of the Internal Revenue Service ("IRS"). The IRS agent informed the Plaintiffs that Windham Ford Sales, Inc., previously failed to timely file quarterly withholding tax returns and failed to timely pay taxes on those returns. After discussions and negotiations with the IRS, Grisanti and Windham Ford Sales, Inc., agreed to enter into an installment plan to repay the approximately $11,966.93 in back taxes and civil penalties. Plaintiff Dino Grisanti entered into this agreement despite his uncertainty whether he was liable for those unpaid taxes.

Plaintiff Dino Grisanti or one of his companies abided by the terms of the agreement and made installment payments on time. Despite this, the IRS seized Plaintiffs Dino Grisanti and Caroline Grisanti's joint federal income tax refund for the calender year 2002. The Grisantis were

due a $17,862 refund for 2002. The Grisantis attempted again in tax year 2003 to receive this refund, but were denied. The Grisantis represent that this was a breach of the installment agreement between them, their businesses and the IRS.

On January 26, 2005, the Plaintiffs filed this action seeking damages of $29,828.93 plus costs and attorneys' fees. The Plaintiffs sought these damages for denial of their refund of $17,862 and breach of the installment agreement for $11,966.93. The IRS issued the Grisantis their refund on February 14, 2005.

In an Opinion and Order issued on May 3, 2006, this Court granted the Defendant's Motion for Partial Summary Judgment. The Court dismissed the Plaintiffs' refund claim because it was moot. The Court dismissed the breach of the installment agreement claim for lack of jurisdiction. The remaining issue in this case concerns whether the Plaintiffs are entitled to attorneys' fees and costs associated with their refund claim. On August 7, 2006, the Plaintiffs moved this Court to grant them attorneys' fees in the amount of $4,022.25 and costs in the amount of $151.89. The Plaintiffs assert they are entitled to attorneys' fees in this action because they were the prevailing party in this litigation. The Plaintiffs assert that the Defendant's disbursement of the refund within weeks of filing the Complaint shows that they are the prevailing party and entitled to fees. The Plaintiffs further state that the Defendant never allowed them an opportunity for an administrative hearing.

The Defendant counters that the Plaintiffs are not entitled to attorneys' fees because they do not meet the statutory definition of a prevailing party. The Defendant states that at all times in this litigation the IRS was substantially justified in its stance. However, the Defendants state that if the Court were to award attorneys' fees, the Plaintiffs are only entitled to compensation for the time spent on their refund claim. The Defendant also asserts that the Plaintiff can only recover $150 per hour in attorneys' fees according to the Internal Revenue Code. Thus, the Defendant alleges that

should the Court award attorneys' fees and costs, the amount should be capped at $1,364.25.

*B. Discussion*

Section 7340 provides that a taxpayer may recover reasonable costs, including attorneys' fees, incurred in connection with any tax proceeding against the United States if the taxpayer is the prevailing party in the proceeding. See 26 U.S.C. § 7430(a)(1). A taxpayer is a prevailing party if he substantially prevails with respect to the amount in controversy of the most significant issue or set of issues presented. See 26 U.S.C. § 7430(c)(4)(A). However, a taxpayer will not be treated as a prevailing party if the Government establishes that "the position of the United States" was substantially justified. See 26 U.S.C. § 7430(c)(4)(B). The position of the United States is defined in section 7430(c)(7) as the position taken by the government in (1) a judicial proceeding to which subsection (a) applies or (2) the position of the Government in an administrative proceeding as of the earlier of: (a) the date of receipt by the taxpayer of the notice of decision by the Appeals Office, or (2) the date of the notice of deficiency. See 26 U.S.C. § 7430(c)(7)(B).

For the purposes of section 7430, a position of the United States is substantially justified if it has a reasonable basis in both law and fact. Estate of Baird v. C.I.R, 416 F.3d 442, 447 (5th Cir. 2005); Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (T.C. 1997). The determination of the reasonableness of that position is based upon the facts available that formed the basis for the position, in addition to any controlling legal precedent. Maggie Mgmt. Co., 108 T.C. at 442. The United States Tax Court has stated that the inquiry is not a static one. In other words, a position of the United States that was reasonable at the onset may become unreasonable in light of changed circumstances. See Wasie v. Commissioner, 86 T.C. 962, 969, 1986 WL 22128 (T.C. 1986); see also Sec. 301.7430-5(c)(2), Proced & Admin. Regs. When the IRS concedes an issue, that does not by itself establish that its prior position with respect to that issue was unreasonable. Maggie Mgmt.

Co. v. Commissioner, 108 T.C. at 443. However, the Court may consider a concession as a factor favoring award of attorney's fees. Id.

A rebuttable presumption exists that there is no substantial justification if the IRS "did not follow its applicable published guidance in the administrative proceeding." 26 U.S.C. § 7430(c)(4)(B)(ii). "Applicable published guidance" is defined as "(I) regulations, revenue rulings, revenue procedures, information releases, notices and announcements, and (II) private letter rulings, technical advice memoranda, and determination letters [issued to the taxpayer]." 26 U.S.C. § 7430(c)(4)(B)(iv). The Internal Revenue Code requires that courts "take into account whether the United States has lost in courts of appeal for other circuits on substantially similar issues" in determining "whether the position of the United States was substantially justified". 26 U.S.C. § 7430(c)(4)(B)(iii); Blasius v. Commissioner, 2005 WL 2224975, *7, T.C. Memo. 2005-214, (T.C.M. 2005).

The Government makes a strong and compelling argument against the awarding of attorneys' fees and costs associated with this litigation. The Government states that it never officially opposed the Grisanti's refund claim. In fact, the Government argues that since it issued a partial refund, it exhibited that it did not oppose such a claim. In addition, the Government argues that neither of the statutory time markers ever took place in this action. The Government asserts that there was not a decision by the IRS Office of Appeals nor any notice of deficiency. In addition, the Government correctly notes that the Plaintiffs received their full refund within weeks of the filing of this suit. Thus, the Plaintiff cannot meet the statutory requirements of a prevailing party. Based upon those facts, the Government claims that its position in this litigation was substantially justified and the Plaintiffs are not entitled to attorneys' fees.

The Court finds that the United States Government has sovereign immunity and only waives

such immunity in accordance with the laws of Congress. In addition, the Court notes that the Government's arguments are compelling and Congress has provided for attorneys' fees in very narrow circumstances. However, the Court is of the opinion that attorneys' fees are warranted in this case.

The Court is of the opinion that the Government cannot protect itself from the imposition of attorneys' fees by its behavior in this case. The Court notes that it was not until the Plaintiffs filed this action in this Court that the Government issued their refund. The IRS sat on Grisanti's refund for the entire calendar years of 2003 and 2004. The Plaintiffs made repeated demands and requests for their refund and were denied. The Government tries to hide behind the fact that it never formally denied the Plaintiffs their refund. In fact, the Plaintiffs requested formal administrative action, but were repeatedly told that "the check is in the mail" or there was a computer glitch or various other reasons. Thus, the IRS attempted to insulate itself from any imposition of attorneys' fees by not issuing a formal denial. The Court is of the opinion that it was not an act of mere coincidence that the Plaintiffs' received their refund three weeks after the filing of this case. The Court finds that the IRS cannot protect itself by inaction or failure to issue an official administrative ruling.

Thus, the Court finds that the IRS' position in this litigation was not substantially justified. The IRS denied the Plaintiffs their refund for over two years without explanation. The Court finds that the only way for the Plaintiffs to receive their refund was to file this action. Therefore, the Court finds that its position was not substantially justified and the IRS cannot hide behind the law by simply failing to act or take a position. The Plaintiffs won by concession on the issue of their refund and the IRS' position was never justified. Therefore, the Court finds that the Plaintiffs are entitled to attorneys' fees.

The Court now turns to the issue of the amount of attorneys' fees due to the Plaintiffs. The

Plaintiffs have asked for $4,022.25 in attorneys' fees and $151.89 in costs. The Defendant has stated that if the Court awarded attorneys' fees then it should be granted in the amount of $1,364.25. The Court finds neither of the amounts is correct and will perform its own inquiry into the actual amount of fees and costs.

The Court is only concerned with attorneys' fees related to the Plaintiffs' successful refund claim. Therefore, the Court will only award attorneys' fees and costs to the Plaintiffs for work performed on that successful issue. Because the Plaintiffs failed on their breach of installment agreement claim, the Court will only credit them half of the hours worked in some instances. Thus, the Plaintiffs are entitled to fees for all of the work performed prior to January 20, 2005, the date the Complaint was filed. Conversely, the Plaintiffs are only entitled to fees for half of the hours worked between January 20, 2005, and February 14, 2005. The Plaintiffs will receive no credit for hours worked between February 14, 2005, and August 1, 2005, because they were unsuccessful on their other claim and the IRS issued their refund on February 14, 2005. Finally, the Plaintiffs are entitled to fees for all of the hours worked associated with its current motion.

Attorneys' fees in tax cases are governed strictly by statute. As such, the Plaintiffs' attorney is awarded only what is mandated by statute. The Plaintiffs' attorney requested a rate of $175 per hour. The Court finds that the Plaintiffs' attorney is entitled to a rate of $150 per hour for work performed in 2004 and 2005. Rev. Proc. 2003-85, 2003 WL 22718036, § 3.33; Rev. Proc. 2204-71, 2004 WL 2633463, § 3.35. As to the work performed in 2006, the Plaintiffs' attorney is entitled to a rate of $160 per hour. Rev. Proc. 2005-70, 2005 WL 2832867, § 3.36; 26 U.S.C. § 7430(c)(1)(B)(iii).

The Plaintiffs' attorney D. Bradley Walsh states that he worked 21.15 hours in this case. In addition, Mr. Walsh's paralegals Vicki Bird and Michelle Poe claim 3.33 hours and 0.95 hours

respectively. The Court finds the following hours and rates are reasonable and proper in this case:

1) D. Bradley Walsh performed 9.525 hours at $150/per hour = $1428.75 in attorney's fees;

2) D. Bradley Walsh performed 1.5 hours at $160/per hour = $240 in attorney's fees;

3) Vicki Bird performed 0.929 hours at $75/per hour = $69.68 in paralegal fees; and

4) Michelle Poe performed 0.38 hours at $75/per hour = $28.50 in paralegal fees.

Thus, the Court finds that the Plaintiffs are entitled to $1766.93 in attorney's fees. The Court finds that the Plaintiffs are not entitled to expenses because it cannot be determined whether those expenses were associated with the prevailing claim. Thus, the Court will deny the Plaintiffs their claims on administrative expenses.

## C. Conclusion

Upon thorough review of the filings and the Plaintiffs' affidavits the Court finds that the Plaintiffs were prevailing parties on their claim for their 2002 income tax refund. In addition, the Court finds that the IRS's position in this litigation was not substantially justified. Thus, the Court grants in part the Plaintiffs' request for attorney's fees and costs. The Court awards the Plaintiffs' attorneys' fees in the amount of $1766.93. The Court denies Plaintiffs' requests for administrative expenses.

A separate order in accordance with the opinion shall issue this day.

This the 10th day of October 2006

/s/ Glen H. Davidson  
Chief Judge